

**CALIFORNIA**
**DEPARTMENT OF JUSTICE**

*Rob Bonta*
*Attorney General*

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 210-6661
E-Mail: Aaron.Pennekamp@doj.ca.gov

July 22, 2024

**VIA ACMS**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Baird v. Bonta*, No. 24-565
<u>Citation of Supplemental Authority</u>

Dear Ms. Dwyer:

Appellee writes to notify the Court of the 8-1 decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). The Supreme Court rejected a Second Amendment challenge to 18 U.S.C. § 922(g)(8)(C)(i), which prohibits individuals subject to certain domestic-violence restraining orders from possessing a firearm.

*Rahimi* reiterated that "'the right secured by the Second Amendment is not unlimited,'" does not "sweep indiscriminately," and is "not a right to keep and carry any weapon whatsoever in any manner whatsoever." 144 S. Ct. at 1897. The Court recognized that "some courts have misunderstood the methodology of" *Bruen* and *Heller*, which "were not meant to suggest a law trapped in amber." *Id*. It criticized the Fifth Circuit (and the dissenting Justice) for committing the "error[]" of "read[ing] *Bruen* to require a 'historical twin' rather than a 'historical analogue.'" *Id*. at 1903; *see id.* at 1925 (Barrett, J., concurring) ("[I]mposing a test that demands overly specific analogues has serious problems."). Plaintiff commits the same error here. *See* OB 29.

As the Court explained, "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." 144 S. Ct. at 1898; *see id.* at 1925 (Barrett, J., concurring) ("'Analogical reasoning' under *Bruen* demands a wider lens: Historical regulations reveal a principle, not a mold."). In ascertaining those principles, moreover, it is appropriate to consider post-ratification laws and practices. *See, e.g., id*. at 1899-1901; *id*. at 1916 (Kavanaugh, J., concurring) ("post-ratification history" can "be important for interpreting vague constitutional text and determining exceptions to individual constitutional rights").

July 22, 2024
Page 2

  Applying the appropriate methodology, the Court had "no trouble concluding" that the historical analogues invoked by the government were sufficient to justify the challenged law, 144 S. Ct. at 1902, even though those analogues were "by no means identical" to Section 922(g)(8)(C)(i), *id*. at 1901; *see id*. at 1897-1898 ("[T]he Second Amendment permits more than just those regulations identical to ones that could be found in 1791."). Here, the principles emerging from the tradition of licensing requirements and regulations on the manner of public carry justify California's licensing scheme. AB 25-41.

            Sincerely,

            */s/ Aaron D. Pennekamp*

            AARON D. PENNEKAMP
            Deputy Solicitor General

     For   ROB BONTA
            Attorney General

cc: All Counsel of Record (via ACMS)