

**Rob Bonta**
*Attorney General*

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 210-6661
E-Mail: Aaron.Pennekamp@doj.ca.gov

September 11, 2025

**VIA ACMS**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:　*Baird v. Bonta*, No. 24-565
　　　Response to Appellant's Citation of Supplemental Authority

Dear Ms. Dwyer:

　　This letter responds to Appellant Mark Baird's letter concerning *McDaniels v. Florida*, No. 1D2023-0533 (Sep. 10, 2025). That case has little application here for two reasons.

　　First, the *McDaniels* decision does not address Baird's particular challenge to California's laws. There, the court considered a Florida law that criminalizes the open carry of firearms and, unlike California's statutory scheme, does not allow for the possibility of open-carry licenses. *See* Op. 2. Although the court held that Florida's ban was unconstitutional, it recognized that the ability to open carry was not "absolute or immune from reasonable regulation." Op. 19. Here, by contrast, Baird demands an absolute right to openly carry without a license: He has not challenged California's geographic restrictions on the availability of open-carry licenses; instead, he claims that California cannot require any licenses whatsoever. *E.g.*, 6-ER-1446 (alleging that "[r]equiring any such license violates the" Constitution). This Court must therefore resolve a different question than the one the *McDaniels* court answered.

　　Second, the *McDaniels* decision makes the same mistake that the Supreme Court sought to correct in *Rahimi*, 602 U.S. 680 (2024). In *Rahimi*, the Court noted that "some courts have misunderstood the [required] methodology," and it criticized those courts for committing the "error[]" of "read[ing] *Bruen* to require a 'historical twin'" for the challenged regulation. *Id.* at 691, 701. "[T]he appropriate analysis," the Court explained, requires courts to "consider[] whether the challenged restriction is consistent with the principles that underpin our regulatory tradition." *Id.* at 692. Ignoring that aspect of *Rahimi*, the Florida court demanded a "historical twin"—*i.e.*, a "Founding-era law that broadly prohibited the open carry of firearms in public." Op. 12. If this Court reaches the issue, it should avoid that mistake, and should, instead, affirm

September 11, 2025
Page 2

the district court because California's restrictions on the unlicensed open carry of firearms are consistent with the historical principles that *Bruen* already recognized: that "*the manner* of public carry was subject to reasonable regulation"; and that "States could lawfully eliminate one kind of public carry," so long as they did not "ban public carry altogether." 597 US. 1, 53, 59 (2022).

        Sincerely,

        */s/ Aaron D. Pennekamp*

        AARON D. PENNEKAMP
        Deputy Solicitor General

For    ROB BONTA
        Attorney General

cc: All Counsel of Record (via ACMS)