

CALIFORNIA
**DEPARTMENT** OF **JUSTICE**

*Rob Bonta*
**Attorney General**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 210-6661
E-Mail: Aaron.Pennekamp@doj.ca.gov

September 23, 2025

**VIA ACMS**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:     *Baird v. Bonta*, No. 24-565
       <u>Citation of Supplemental Authority</u>

Dear Ms. Dwyer:

Appellee writes to notify the Court of the Second Circuit's decision in *Frey v. City of New York*, 2025 WL 2679729 (2d Cir. Sep. 19, 2025), which concerns a Second Amendment challenge to New York State's "ban on open carry." *Id.* at *1.

As the court explained, New York state law "requires individuals to obtain a license in order to carry firearms … into the public realm." *Id.* The court further explained that "New York grants licenses only for concealed public carry of a pistol or revolver." *Id.* The upshot is that "New York criminalizes, and thereby effectively bans, the open carrying of firearms in public" throughout the State. *Id.*

Although New York law is more restrictive than California law (which allows open-carry licenses to issue in certain counties, AB 3-6), the court held that plaintiffs were unlikely to succeed on the merits of their challenge, because the Second Amendment does not "guarantee[] them uninhibited choice in their mode of public carry." *Id.* at *12. Surveying the same "laws and court decisions" discussed in *Bruen*, the court found "a strong historical tradition of regulating, and often criminalizing, one manner of public carry, so long as the government does not 'altogether prohibit public carry.'" *Id.* And it found that New York's open-carry ban was analogous to historic concealed-carry prohibitions: It "burdens the right to carry to a 'similar' degree" as those prohibitions; and it was adopted "for the same reasons" as those prohibitions— "namely, to regulate 'a particular mode of bearing arms' that the legislature deems 'dangerous to the peace of society.'" *Id.*

September 23, 2025
Page 2

        Here, Appellant does not challenge California's geographic restrictions on the availability of open-carry licenses; he instead demands the ability to openly carry in public throughout the State without any license whatsoever.  AB 14-25.  But if the Court addresses the legality of California's geographic restrictions on open-carry licenses, it should affirm, because those restrictions are consistent with the principle that "'States could lawfully eliminate one kind of public carry—[open carry] or conceal[ed] carry—so long as they left open' the other option." *Frey*, 2025 WL 2679729, at *12.

                        Sincerely,

                        */s/ Aaron D. Pennekamp*

                        AARON D. PENNEKAMP
                        Deputy Solicitor General

                For     ROB BONTA
                        Attorney General


cc:  All Counsel of Record (via ACMS)