Charles Nichols
2215 Artesia Blvd. #1302
Redondo Beach, CA 90278
CharlesNichols@Pykrete.info
(424) 262-7137



October 3, 2025

RE:  *Baird v. Bonta*, No. 24-565
     Response to Appellee's Citation of Supplemental Authority ECF #46

Dear Ms. Dwyer:

The petitioners in *NYSRPA v. Bruen* had restricted licenses to "have and carry concealed" in public pursuant to NYPL § 400.00. The same section provides for licenses to "have and carry concealed" for corrections officers and armored car drivers, among others. "Have and carry concealed" does not appear for licenses to carry antique pistols in public.

Prior to 2025, it was *not* a crime to openly carry a handgun for those with a license to "have and carry concealed," although those licenses were routinely restricted licenses for hunting and target shooting. The law did not change. Instead, the Second Circuit Court of Appeals rewrote the law, and then rewrote the decision in *NYSRPA v. Bruen* to affirm the denial of the preliminary injunction.

The panel concluded that "Section 400.00(15)" Slip Op. at 34, is the New York statute that bans Open Carry throughout the state.

NYPL §400.00(15) states, "Any violation by any person of any provision of this section is a class A misdemeanor."

How a statute that states the *punishment* for an offense can be construed as an offense escapes me. It certainly doesn't give fair notice that a law has been violated.

Every hunter, target shooter, corrections officer, and every armored car driver who openly carries a handgun is now committing a crime.

The panel only assumed, without deciding, in footnote 11, that openly carrying a firearm in public is conduct that falls within the plain text of the Second Amendment,

1

Where *Bruen* said at 2150, "States could lawfully eliminate one kind of public carry—concealed carry..." The panel rewrote the text of the decision to say, "States could lawfully eliminate one kind of public carry—[open carry or] conceal carry..."

If the *Bruen* decision had intended to say that Open Carry could be eliminated if concealed carry is allowed then it would have clearly said so.

If the U.S. Supreme Court wants to overrule the Open Carry right from *Heller*, it can do so with just three words, as it did with Chevron Deference. "*Chevron* is overruled." *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024).

Sincerely,

Charles Nichols
Amicus Curiae – pending.

The body of this letter contains 350 words.

cc: All Counsel of Record (via US Mail)
Certificate of Service attached to Clerk's copy.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 25. Certificate of Service for Paper Filing

**ATTENTION ELECTRONIC FILERS: DO NOT USE FORM 25**
Use Form 25 only if you are **not** registered for Appellate Electronic Filing.

**Instructions**
- You must attach a certificate of service to each document you send to the court and to opposing counsel.
- Include the title of the document you are serving, the name and address of each person you served with a copy of the document, and the date of mailing or hand delivery.
- Sign and date the certificate. You do not need to have the certificate notarized.
- Remember that you must send a copy of **all** documents and attachments to counsel for **each** party to this case.

**9th Cir. Case Number(s):** 24-565

**Case Name:** Baird v. Bonta

I certify that I served on the person(s) listed below, either by mail or hand delivery, a copy of the **Response to Appellee's Citation of Supplemental Authority ECF #46** and any attachments. *(title of document you are filing, such as Opening Brief, Motion for _, etc.)*

**Signature:** [signature]   **Date:** Oct 3, 2025

| Name | Address | Date Served |
|---|---|---|
| Aaron Daniel Pennek | California Department of Justice 1300 I St. Sacramento, CA 95814 | Oct 3, 2025 |
| Amy L. Bellantoni | 2 Overhill Road Suite 400 Scarsdale, NY 10583 | Oct 3, 2025 |
| Mr. Jeremiah L. Mor | 370 Maple Ave. W Suite 4 Vienna, VA 22180-5615 | Oct 3, 2025 |
| Michael Damien Mc | Mountain States Legal Foundation 2596 S Lewis Way Lakewood, CO 80 | Oct 3, 2025 |

*Mail this form to the court at:*
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939
*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 25                                                                  Rev. 12/01/2018