No. 24-565

IN THE

# United States Court of Appeals
# for the Ninth Circuit

MARK BAIRD,

Plaintiff-Appellant,

v.

ROB BONTA, in his Official Capacity as the Attorney General of the State of California,

Defendant-Appellee.

On Appeal from the United States District Court for the Eastern District of California
No. 2:19-cv-00617-KJM-AC
The Honorable Kimberly J. Mueller, Judge

**MOTION OF GUN VIOLENCE PREVENTION GROUPS AND RESEARCHERS TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF DEFENDANT-APPELLEE**

IAN SIMMONS
DAVID K. ROBERTS
ARJUN A. SHENOY
CATHERINE A. WARD
TIMUR AKMAN-DUFFY
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
isimmons@omm.com

*Attorneys for Amici Curiae*

Pursuant to Rule 29-2 of the Ninth Circuit Rules, *amici curiae*, gun violence prevention groups and researchers, respectfully request leave to file the accompanying brief in support of Defendant-Appellee Bonta. All parties have been informed of the filing of this motion and brief; Defendant-Appellee does not oppose this motion and consents to the filing of this brief, and Plaintiff-Appellant Baird takes no position on the motion or brief.

Leave to file should be granted because *amici* have a strong interest in the issues presented by this case. *Amici curiae* are three non-profit organizations dedicated to ending gun violence through education, research, and advocacy, and a gun violence solution expert. *Amici* have a substantial interest in ensuring that the Constitution is construed properly to allow democratically elected officials to address the nation's gun violence crisis, and to safeguard the interests of everyone—whether they are gun owners or not—in living safe and secure lives in their communities. Numerous courts, including the Supreme Court, have cited the briefs of *amici* on issues involving firearms regulations and constitutional principles concerning the ownership and use of firearms.

Brady Center to Prevent Gun Violence is the nation's most longstanding non-partisan, non-profit organization dedicated to reducing gun violence through education, research, legal advocacy, and political action. Everytown for Gun Safety is the nation's largest gun violence prevention organization, with millions of

supporters across all fifty states. Giffords Law Center to Prevent Gun Violence is a survivor-led nonprofit policy organization dedicated to researching, writing, enacting, and defending laws and programs proven to reduce gun violence and save lives. Emily Walsh is Law and Policy Advisor at the John Hopkins Center for Gun Violence Solutions and joins this brief in her personal capacity.

Issues involving firearms regulations and constitutional principles concerning the ownership and use of firearms are implicated here. The now-vacated panel decision in this case struck down as unconstitutional California's requirement that, in counties with more than 200,000 people, public carry is permitted through licensed concealed carry rather than open carry, the latter of which presents particular safety risks and chilling effects. That interpretation is wrong as a matter of law. California has merely—and permissibly—regulated the *manner* of public carry in these more densely populated areas, not banned public carry.

The Supreme Court has clarified that States may regulate the manner of public carry, so long as they do not prohibit public carry altogether. *See New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 53, 59 (2022) ("To summarize: The historical evidence from antebellum America does demonstrate that *the manner* of public carry was subject to reasonable regulation.") (emphasis in original). Likewise, the Court recently confirmed that constitutionally valid firearm

regulations must simply align with the "principles that underpin our regulatory tradition," and need not have a perfect founding-era match. *United States v. Rahimi*, 602 U.S. 680, 692 (2024). *Amici* have a strong interest in ensuring that this precedent is properly understood.

For the foregoing reasons, *amici* respectfully request that this Court grant the motion for leave to file the accompanying amicus brief in support of Defendant-Appellee.

May 6, 2026

Respectfully submitted,

*/s/Ian Simmons*

IAN SIMMONS
DAVID K. ROBERTS
ARJUN A. SHENOY
CATHERINE A. WARD
TIMUR AKMAN-DUFFY
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
isimmons@omm.com

*Attorneys for Amici Curiae*

3