

**BELLANTONI**
L A W   F I R M

July 1, 2026

Hon. Molly Dwyer, Clerk of Court
United States Court of Appeals
for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

      Re:   *Baird v. Bonta*, No. 24-565
              Citation of Supplemental Authority

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), Appellant Mark Baird submits *United States v. Hemani*, No. 24-1234, 608 U.S. ___, 2026 WL 1751710 (U.S. June 18, 2026), and *Wolford v. Lopez*, No. 24-1046, 609 U.S. ___, 2026 WL 1825723 (U.S. June 25, 2026), as supplemental authority bearing on the pending rehearing petitions.

First, both decisions reaffirm that *Bruen*'s text, history, and tradition framework remains the exclusive methodology for resolving Second Amendment challenges. *Hemani*, slip op. 4-5; *Wolford*, slip op. 7-9. Once the text covers the conduct, the government bears the burden of identifying relevantly similar historical analogues in "how" and "why." *Id.* This forecloses California's public safety balancing.

2 Overhill Road, Suite 400        *info@bellantoni-law.com*        (914) 367-0090 (t)
Scarsdale, New York 10583      www.bellantoni-law.com        (888) 763-9761 (f)

Second, analogues must regulate comparably in method and justification. *Hemani* rejected the government's analogy because the cited laws "targeted different kinds of people, did so for different reasons, and operated in different ways." *Hemani*, slip op. 7, 19. Southern criminal laws regulated concealed carry for reasons unrelated to California's ban on visible, peaceable open carry. California therefore lacks a historical analogue for its categorical prohibition.

Third, *Wolford* confirms isolated, regional, or late-enacted laws cannot establish a national tradition. *Wolford*, slip op. 7-8, 22-24. The Court rejected reliance on isolated nineteenth-century enactments as unrepresentative of a National tradition — reasoning that undermines California's reliance on a handful of antebellum Southern concealed-carry laws, which fall well short of a nationwide tradition supporting California's criminal statutes.

Fourth, neither decision treats different exercises of the right as fungible. *Wolford* analyzes the specific burden on public carry, slip op. 13-16; *Hemani* analyzes the specific disarmament challenged rather than the right in the abstract, slip op. 4-7, 15. This forecloses treating licensed concealed carry as a substitute for unencumbered peaceable open carry — California cannot defend its criminal ban on open carry by pointing to a different mode of carry under a region-specific, later-enacted licensing regime.

*Hemani* and *Wolford* provide additional support for reversing the district court decision, granting summary judgment in favor of Appellant, and permanently enjoining California Penal Code § 25850 as applied to open carry, and Penal Code § 26350 in its

- 3 -

entirety.

Respectfully submitted,

*Amy L. Bellantoni*
Amy L. Bellantoni
*Counsel for Appellant Mark Baird*