

CALIFORNIA
## DEPARTMENT OF JUSTICE

**Rob Bonta**
**Attorney General**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 210-6661
E-Mail: Aaron.Pennekamp@doj.ca.gov

July 6, 2026

**VIA ACMS**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:   *Baird v. Bonta*, No. 24-565
      Response to Appellant's Citation of Supplemental Authority

Dear Ms. Dwyer:

This letter responds to Mark Baird's letter concerning *United States v. Hemani*, 608 U.S. __, 2026 WL 1751710 (U.S. June 18, 2026), and *Wolford v. Lopez*, 609 U.S. __, 2026 WL 1825723 (U.S. June 25, 2026). Those cases have little bearing here because they considered different challenges to different types of laws. They did not alter the framework for considering Second Amendment claims or change the conclusion that the district court's judgment here should be affirmed.

As Baird concedes, both cases merely "reaffirm" that *Bruen*'s two-step "framework remains the exclusive methodology for resolving Second Amendment

July 6, 2026
Page 2

challenges." Dkt. 81.1 at 1. Both cases further reaffirm that the historical analogues considered at *Bruen*'s second step "need not be a 'dead ringer' or 'historical *twin*'" of the challenged law. *E.g.*, *Wolford*, 2026 WL 1825723, at *6. Rather, the analogues need only be "'relevantly similar'" to the modern law. *Hemani*, 2026 WL 1751710, at *5. Here, the district court correctly concluded that California's modern laws governing the open carry of firearms are "relevantly similar" to historical manner-of-carry restrictions that "eliminate[d] one kind of public carry," while allowing other forms of public carry. *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 59 (2022). As *Bruen* explained, "[t]he historical evidence from antebellum America . . . demonstrate[s] that *the manner* of public carry was subject to reasonable regulation." *Id.*

Of course, in some cases, "[a]n outlier legal rule adopted in a few locales" can be insufficient for purposes of *Bruen*'s historical inquiry. *Wolford*, 2026 WL 1825723, at *11; *see* Dkt. 81.1 at 2. But California has not relied on "outlier" analogues here. Instead, it has identified a substantial number of historical common-law offenses, statutory prohibitions, and licensing schemes that together support the principle that the Second Amendment allows States to regulate the manner of public carry of firearms. *See* Answering Br. 25-37. The district court therefore correctly concluded that California's open-carry restrictions are

July 6, 2026
Page 3

constitutional under *Bruen*'s second step.  *Accord Frey v. City of New York*, 157

F.4th 118, 138 (2d Cir. 2025) (rejecting similar challenge to New York's open-

carry restrictions).

Sincerely,

*/s/ Aaron D. Pennekamp*

AARON D. PENNEKAMP
Supervising Deputy Solicitor General

For   ROB BONTA
Attorney General

cc:  All Counsel of Record (via ACMS)